[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After a full hearing on the defendant's motions for alimony pendente lite, counsel fees and costs, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, concludes and rules as follows.
The plaintiff is a real estate developer and indicates a net income of $13,190.28 per month on his financial affidavit.
The defendant is a certified counselor with a master degree is social work.
The parties have been married for 24 years and have two adult children who are now attending college.
The plaintiff has available to him the income and capital from certain trusts. The childrens' education is being paid for from the proceeds of educational trusts set up for them by the plaintiff.
The defendant is engaged in the private practice of counseling people in troubled circumstances and relationships. At the present time her office expenses exceed any income she generates from her practice. The defendant's sole source of income is $1,000.00 per week she receives from the plaintiff under an interim order of the court.
Gen. Stat. Sec. 46b-83 reads in part "In making an order for alimony pendente lite the court shall consider all factors enumerated CT Page 10050 in Sec. 46b-82, except the grounds for the complaint or cross complaint (fault). . . ."
The court guided by the criteria established in Gen. Stat. Sec. 46b-82 concludes that a fair and equitable award of alimony pendente lite should be $1,250.00 per week. He is also to pay the mortgage on her home, taxes, insurance, auto insurance and medical insurance.
The defendant has requested counsel fees and costs to defend.
The court finds that the defendant is without adequate means to sustain the costs of counsel and other expenses to mount a meaningful defense under the facts and circumstances in this case and concludes that the plaintiff should pay to the defendant without prejudice, forthwith, the sum of $25,000.00 towards her counsel fees and the sum of $6,000.00 towards her expenses to defend.
Accordingly, the plaintiff is to pay the defendant $1,250.00 per week together with the mortgage, taxes and insurance, supra, alimony pendente lite retroactive to July 28, 1993, with credit him for the $1,000.00 per week he has been paying and he is to pay counsel fees and expenses as indicated above, i. e., $25,000.00 counsel fees and $6,000.00 in costs.
SPALLONE STATE TRIAL REFEREE